■ In the Matter of OAK HILL CAPITAL PARTNERS, L.P., Respondent, v ANTHONY J. CUTI, Appellant. [49 NYS3d 413]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 2, 2015, which granted Oak Hill Capital Partners, L.P.'s (Oak Hill) petition to stay the subject arbitration, unanimously affirmed, without costs.

"Arbitration is a matter of contract" (*Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d 626, 630 [2013]).

At issue is the interplay of three agreements—a March 16, 2004 employment agreement with an arbitration clause between respondent Cuti and Duane Reade—and subsequent agreements wherein Oak Hill acquired Duane Reade's common stock and wherein certain Duane Reade management stockholders, including Cuti, contracted with Oak Hill entities and Duane Reade to protect their preemptive rights in light of the acquisition.

The latter agreements contained forum selection clauses, which respondent asserts incorporate the arbitration clause by reference. This argument is unavailing. "In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together, it being said that they are, in the eye of the law, one instrument" (*BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1st Dept 1985] [citation omitted]). Although these agreements were effective the same date, they were not

executed contemporaneously; the March 16, 2004 employment agreement had, with respect to preemptive rights, a contrary intent, i.e., pre-IPO preemptive rights. The preemptive rights agreement applied solely to post-merger preemptive rights. Therefore, Cuti's claims asserted under that agreement are subject to the forum selection clause.

To the extent Cuti asserts claims under the employment agreement, which was entered into solely by Duane Reade and its related entities, successors, and assigns, no evidence was presented to raise an issue of fact as to whether Oak Hill pierced the corporate veil with Duane Reade or participated in the arbitration. On that basis, Oak Hill should not be compelled to arbitrate these claims, and the order to stay arbitration was properly granted. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.